## John Ellington v. The State.

### No. 1317. Decided October 25, 1911.

### Rehearing denied November 29, 1911.

**1.—Theft of Cattle—Charge of Court—Fraudulent Taking.**

Where the court defined fraudulent taking in the language of the statute, there was no error in the absence of requested instructions.

**2.—Same—Charge of Court—Invited Error.**

Where the court charged the jury on request of defendant's counsel not to consider certain counts in the indictment, there was no error in the court's failure to charge on such counts; as this was invited error, if error at all.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where the objection to the court's charge on circumstantial evidence did not point out any error, it could not be considered; besides, there was no error.

**4.—Same—Evidence—Bill of Exceptions.**

Where there was no bill of exceptions to the evidence objected to, the same can not be considered on appeal.

**5.—Same—Sufficiency of the Evidence—Requested Instructions.**

When the evidence was sufficient to sustain the conviction, and the requested instructions were covered in the main charge, there was no error.

**6.—Same—Practice on Appeal.**

Matters complained of in the brief which are not reserved by bills of exception or motion for new trial, can not be considered on appeal.

Appeal from the District Court of Bosque. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case. See companion case No. 1319.

*J. P. Word,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Bosque County, charged with the theft of cattle, and a trial resulted in his conviction, from which judgment he prosecutes this appeal.

The first ground in the motion is that the court "erred in defining what is meant by fraudulent taking." The court defined these words in the language of article 858 of the Penal Code, and there was no error in not further defining "fraudulent taking" in the absence of requested instructions. In addition thereto, the ground that the court erred, without stating more than is stated above, is not such ground as we can consider on appeal.

The second count in the indictment charged appellant with unlawfully driving the stock from its accustomed range, and appellant complains in his motion that "the trial court erred in failing and refusing to charge the jury upon the second count in the indictment." We find that the appellant requested the court to give the following instruction: "You are charged by the court that the second and third counts in the indictment are withdrawn from your consideration." This instruction having been given at the request of appellant, he can not now complain that the court did not submit the second count to the jury. If error, it was invited by appellant. But we do not think the court erred in giving the instructions.

The next ground is: "The trial court erred in the sixth paragraph of the main charge wherein he attempted to charge the law with reference to circumstantial evidence, and the same is here now assigned as error." This is too general in its nature to point out any error, if error there be. But this paragraph of the court's charge is in the terms that has been often approved by this court.

We can not consider those grounds in the motion wherein it is complained that the court erred in admitting the testimony of the witnesses Baldridge, Parks and Price. No bill of exceptions was reserved to the admissibility of this testimony, and in the absence of a bill we conclude there was no objection at the time the testimony was admitted.

Appellant complains that the testimony is insufficient to sustain the conviction. We have carefully read the statement of facts, and the testimony supports the verdict.

The only other complaint in the motion for a new trial is the

failure of the court to give special instructions requested. The requested instructions are fully covered by the court in his main charge.

These are all the grounds stated in the motion for a new trial, and the matters complained of in the brief and presented in this court for the first time can not be considered by us. We look alone to the bills of exception and the motion for a new trial, and if errors are not there assigned, we do not review them on appeal.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 29, 1911.—Reporter.]